IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIER OPERATING PARTNERSHIP, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 17-1185 |
| | § | |
| GRIFFIS GROUP RESIDENTIAL, LLC, and | § | |
| GRIFFIS GROUP OF COMPANIES, LLC, | § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tier Operating Partnership, LP ("Plaintiff") files this Original Complaint against Defendants Griffis Group Residential, LLC and Griffis Group of Companies, LLC (each a "Defendant," and collectively "Defendants"), and alleges the following:

### INTRODUCTION

1.      In Austin, Texas and its surrounding areas, if not beyond, the mere mention of "THE DOMAIN" calls to mind one of the most urbane and exciting mixed use projects in the nation.  Located in North Austin, within the borders of Texas State Highway Loop 1 / North MoPac Expressway, West Braker Lane, Burnet Road, and a portion of Duval Road, this approximately 300-acre mixed use project features high-end retail, hotels, office space, and apartments.  Its growth, popularity, and success is part of the goodwill that Plaintiff has built over many years in its trademark, "THE DOMAIN," through both its common law rights and its federal registration.

2.      Enter the Defendants:  the owners or operators of an apartment complex located at the center of this lawsuit and about a mile away from "THE DOMAIN" mixed use project.  Long after the opening of Plaintiff's mixed use project, and long after Plaintiff's "THE

1

DOMAIN" mark had become famous in Austin and its surrounding areas, if not also elsewhere, Defendants brazenly and impermissibly named their apartment complex "Griffis at the Domain" to, on information and belief, leverage the popularity, success, and image of high-end living of "THE DOMAIN" mixed use project for their own benefit; and to confuse the public into thinking that Defendants' apartment complex was somehow affiliated, connected, or associated with, if not actually located within the borders of, "THE DOMAIN" mixed use project.  When Plaintiff confronted Defendants about their unauthorized and deceptive use of Plaintiff's "THE DOMAIN" mark, Defendants responded by ignoring the tortious effects of their past transgressions, ignoring Plaintiff's valid, subsisting, and incontestable trademark rights, and, despite prior warning, arrogantly changing the name of their apartment complex to the still confusingly similar "Griffis Domain Austin," while falsely claiming that they respect the intellectual property rights of others.  It should come as no surprise that Plaintiff now files this lawsuit to remedy the violation of its trademark rights, and to prevent Defendants from capitalizing on the success of Plaintiff's mixed use project and creating further consumer confusion.

### PARTIES

3.      Plaintiff Tier Operating Partnership, LP is a limited partnership organized under the laws of the State of Texas and having its principal place of business at 5950 Sherry Lane, Suite 700, Dallas, Texas 75225.  Plaintiff's general partner is Tier GP, Inc., a corporation organized under the laws of the State of Delaware and having its principal place of business at 5950 Sherry Lane, Suite 700, Dallas, Texas 75225.

4.      On information and belief, Defendant Griffis Group Residential, LLC ("Griffis Residential") is a limited liability company organized under the laws of the State of Colorado and having its principal place of business at 6400 S. Fiddler's Green Circle, Suite 1200,

Greenwood Village, Colorado 80111.  Griffis Residential is registered and authorized  to do business in Texas and may be served with process by delivering a copy of the Summons and Complaint to its registered agent for service of process in Texas, Corporation Service Company, d/b/a, CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, and by mailing a copy of the Summons and Complaint to Griffis Residential at its principal place of business.

5.      On information and belief, Defendant Griffis Group of Companies LLC ("Griffis Group") is a limited liability company organized under the laws of the State of Colorado and having its principal place of business at 4600 South Syracuse Street, Suite 200, Denver, Colorado  80237.  On information and belief, Griffis Group is not authorized to do business in Texas and does not maintain an agent for service process in Texas.  It does, however, maintain an agent for service of process in Colorado.  Accordingly, pursuant to FED. R. CIV. P. 4(e)(1) & (h)(1)(A)-(B) and TEX. R. CIV. P. 106(a)(2) and 108, Griffis Group may be served with process by delivering a true and correct copy of the Summons with a copy of this Complaint attached thereto or by mailing, by registered or certified mail, return receipt requested, a true and correct copy of the Summons and Complaint to Griffis Group at the addressed of its registered agent for service of process, namely, Gilbert G. Weiskopf, LLC, 102 N. Cascade Avenue, Suite 620, Colorado Springs, Colorado 80903.

6.      Additionally and/or alternatively, Griffis Group may be served with process pursuant to the Texas Long-Arm Statute through the Texas Secretary of State, 1019 Brazos Street, Austin, Travis County, Texas 78701, which, after being served with duplicate copies of process for Griffis Group, shall forward such process to Griffis Group by immediately mailing the same by registered mail or certified mail, return receipt requested to the principal place of

business, home or home office, or registered office of Griffis Group, c/o its registered agent and/or corporate officer, namely, Gilbert G. Weiskopf, LLC, 102 N. Cascade Avenue, Suite 620, Colorado Springs, Colorado 80903.  TEX. CIV. PRAC. & REM. CODE §§ 17.044(a)-(b), 17.045; *see* FED. R. CIV. P. 4(e)(1) & (h)(1)(A)-(B); TEX. R. CIV. P. 106(a)(2), 108.  The Texas Secretary of State serves as Griffis Group's agent for service of process because Griffis Group, a non-resident, has engaged in business in Texas from which this lawsuit arises, as alleged further herein, but has not designated or maintained a resident agent for service of process in Texas and/or does not maintain a regular place of business in Texas.

## JURISDICTION

7.     The Court has personal jurisdiction over Griffis Residential because Griffis Residential is registered to do business in Texas and, as alleged herein by Plaintiff's causes of action, has committed a tort, in whole or in part, in Texas.  In addition, on information and belief, Griffis Residential is the owner or an owner of "Griffis Domain Austin" a/k/a "Griffis at the Domain," an apartment complex located at 12100 Metric Boulevard, Austin, Texas 78758. As such, Griffis Residential contracts, directly or indirectly, with Texas residents and performance of those contracts, by one or more parties, occurs in Texas, in whole or in part.

8.     The Court has personal jurisdiction over Griffis Group under the Texas Long Arm Jurisdiction statute, TEX. CIV. PRAC. & REM. CODE § 17.042, because, as alleged herein by Plaintiff's causes of action, Griffis Group has committed a tort, in whole or in part, in Texas and is therefore doing business in Texas.  In addition, on information and belief, Griffis Group is the owner or an owner of "Griffis Domain Austin" a/k/a "Griffis at the Domain," an apartment complex located at 12100 Metric Boulevard, Austin, Texas 78758.  As such, Griffis Group contracts, directly or indirectly, with Texas residents and performance of those contracts, by one or more parties, occurs in Texas, in whole or in part.  Additionally, as

described below, when Plaintiff's counsel attempted to contact Griffis Residential via its registered agent for service of process in Texas, Griffis Group responded. Therefore, on information and belief, Griffis Group is responsible, directly or indirectly, for the aforementioned apartment complex and its related torts, contracts, assets, and/or liabilities.

9. The Court has federal question subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because it is so related to its other, federal claims in this action that they form part of the same case or controversy.

## VENUE

10. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred or will occur, and/or a substantial part of the injury to Plaintiff's intellectual property rights that are the subject of this action occurred or will occur, in this judicial district. 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

### Plaintiff and Its Senior Mark

11. Plaintiff, itself and through its predecessors in interest, has continually used and developed valuable federal and common law trademark rights and associated goodwill in the name and mark "THE DOMAIN" (words) for years in connection with the development of retail, restaurant, and mixed use projects, with those mixed use projects including apartments, hotels, retail stores, restaurants, and office spaces ("Senior Mark"). This includes Plaintiff's use of the Senior Mark in connection with the mixed use project located in Austin, Texas known as "THE DOMAIN" ("The Domain Project"), and the development, ownership, and marketing of The Domain Project.

12.    The Domain Project is a well-established and well-known development in North Austin that includes, among other things, apartments offered for lease to consumers by Plaintiff's third-party licensees.  The development of The Domain Project was first announced in or about December 2003.  Construction began in or about October 2004.  And the first phase of The Domain Project – which included retail stores, restaurants, office space, hotels, and apartments – opened for business in or about March 2007.

13.    The Senior Mark is a distinctive trademark.  Indeed, thanks to the growth, popularity, and success of The Domain Project over the years, among other factors, the Senior Mark has become widely recognized by the public in Austin, Texas and/or its surrounding areas, if not also elsewhere, as an indicator of source for The Domain Project.

14.    In connection with the Senior Mark, Plaintiff owns a valid, subsisting, and incontestable federal trademark registration for the mark "THE DOMAIN" (words) on the Principal Register, namely, U.S. Trademark Registration No. 3,775,184, registered on April 13, 2010, for "Planning and construction services for retail, restaurant, and mixed use projects," in International Class 37 (the " '184 Registration").

15.    Plaintiff is also the owner of all common law trademark rights in and to the Senior Mark and the '184 Registration, together with all goodwill of the businesses connected with the use of and symbolized by the Senior Mark and the '184 Registration.

### Defendants and Their Unauthorized Junior Marks

16.    On information and belief, one or both Defendants owns, operates, exercises control over, and/or markets the apartment complex located at 12100 Metric Boulevard, Austin, Texas 78758, and named and branded by one or both Defendants as "Griffis Domain Austin" a/k/a "Griffis at the Domain."   That apartment complex, together with the individual

apartments and amenities located therein, is sometimes referred to herein as "Defendants' Apartment Complex."

17.    Defendants' Apartment Complex is situated about a mile from The Domain Project.  On information and belief, if an apartment complex located in that area uses the terms "The Domain" or "Domain" in its name, as does Defendants' Apartment Complex with names like "Griffis at the Domain" and "Griffis Domain Austin," then the owners or operators of that apartment complex are seeking to associate that apartment complex with The Domain Project such that the public will recognize that apartment complex as being situated within or associated with The Domain Project.  All entities, including apartments, in this area which lawfully use the terms "The Domain" or "Domain" in their names are located within the confines of The Domain Project, and thereby licensed by Plaintiff to use the Senior Mark or similar variations thereof.  Defendants' Apartment Complex is neither located within the confines of The Domain Project, nor licensed by Plaintiff to make any use of the Senior Mark or similar variations thereof.  In other words, Defendants' commercial use of the terms "The Domain" or "Domain" in the names of Defendants' Apartment Complex is unauthorized, impermissible, and unlawful.

18.    On or about February 9, 2017, counsel for Plaintiff sent a letter addressed to Defendants' Apartment Complex – which was using the name and mark "Griffis at the Domain," and which might still be using the same – explaining that Plaintiff owns the federally-registered Senior Mark, explaining that Defendants were not authorized to use the Senior Mark, in whole or in part, and requesting, among other things, that Defendants' Apartment Complex cease using the term "Domain" anywhere in its name.  This letter was sent to the registered agent for service of process in Texas for Griffis Residential; and the response

to this letter came from Griffis Group, which, on information and belief, is an owner, operator, and/or parent of Griffis Residential and/or Defendants' Apartment Complex.

19.    Ultimately, in a letter dated April 21, 2017, Griffis Group stated its intention to change the name of Defendants' Apartment Complex from "Griffis at the Domain" (the "Old Junior Mark") to "Griffis Domain Austin" (the "New Junior Mark") (the Old Junior Mark and the New Junior Mark are referred to herein collectively as the "Junior Marks").

20.    In letters dated May 3, 2017, and October 12, 2017, Plaintiff stated its objection to this name change.  Among other things, changing from the Old Junior Mark to the New Junior Mark does not solve the problem of implying a relationship between Defendants' Apartment Complex and The Domain Project – a relationship that clearly does not exist.  Nevertheless, despite Plaintiff's objections and demands, Defendants are, on information and belief, using the New Junior Mark and may still be using the Old Junior Mark.  Defendants are also using the term "domain" in the URL for the web page advertising their apartments.  *See* Griffis Domain Austin, https://griffisresidential.com/properties/domain/ (last visited Dec. 19, 2017).

21.    As noted above, The Domain Project includes apartments; and among those apartments are properties which are authorized by Plaintiff to use the Senior Mark in connection with the name and branding of those properties.  Also as noted above, Defendants' Apartment Complex is situated only about a mile from The Domain Project; and it uses the terms "The Domain" or "Domain" in the name and branding of that property without Plaintiff's permission and despite Plaintiff's warnings and objections.  Therefore, Defendants have been, and are, making an intentional, willful, bad faith, malicious, and/or grossly negligent use of the Junior Marks to improperly and unlawfully exploit the goodwill of Plaintiff in the Senior Mark and/or to compete with Plaintiff and those residential communities within the boundaries of

8

The Domain Project which are authorized by Plaintiff to use the Senior Mark and similar variations thereof.  The only reason for Defendants to use the Junior Marks is to wrongfully, impermissibly, and unlawfully trade off Plaintiff's trademark and attempt to use the goodwill Plaintiff has in the Senior Mark to enhance Defendants' Apartment Complex in the eyes of potential tenants.

22.     On information and belief, Plaintiff's use of the Senior Mark is senior to Defendants' use of the Junior Marks; Defendants' use of the Junior Marks is made without Plaintiff's consent; and Defendants' use of the Junior Marks has been made with knowledge of Plaintiff and the Senior Mark and such use continues despite Plaintiff's written demand for Defendants to cease using the Junior Marks.

## CAUSES OF ACTION

### Count 1 – Federal Statutory Trademark Infringement

23.     Plaintiff incorporates herein by reference the allegations set forth above.

24.     The Junior Marks are reproductions, copies, or colorable imitations of the federally registered Senior Mark.

25.     Defendants' joint and/or several use of the Old Junior Mark and/or the New Junior Mark in connection with the sale, lease, offering for sale or lease, and/or advertising of Defendants' Apartment Complex is without Plaintiff's consent and likely to cause confusion, or to cause mistake, or to deceive with respect to the federally registered Senior Mark.  Such acts constitute statutory trademark infringement in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), and Plaintiff has been and will continue to be injured as a result.

26.     Accordingly, Plaintiff seeks an award of Defendants' respective profits and any actual damages sustained by Plaintiff, as well as an enhancement of the amounts found as

actual damages not exceeding three times such amounts.  15 U.S.C. § 1117(a).  Alternatively, Plaintiff seeks an award of nominal damages.

27.    Plaintiff also seeks the delivery and destruction of all articles, including Defendants' marketing materials, signage, et cetera, which make use of the Junior Marks in a manner that infringes upon the senior and federally registered Senior Mark as alleged above. 15 U.S.C. § 1118.

28.    Moreover, Plaintiff seeks permanent injunctive relief restraining Defendants from further infringing the senior and federally registered Senior Mark in the manners alleged above, because:  (a) Plaintiff has suffered and/or will suffer an irreparable injury; (b) other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for that injury; (c) a remedy in equity is warranted; and (d) the public interest will not be disserved by an injunction, permanent or otherwise.  15 U.S.C. § 1116(a).

29.    On information and belief, Defendants' alleged misconduct is willful, intentional, and/or conducted in bad faith, thereby rendering this case exceptional within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Thus, Plaintiff also seeks an award of its reasonable attorney fees for this action and any appeals thereof pursuant to applicable law.

30.    Plaintiff also seeks an award of its costs for this action and any appeals thereof pursuant to applicable law.  *See* 15 U.S.C. § 1117(a); *see* FED. R. CIV. P. 54(d)(1).

31.    Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it recovers for this action and any appeals thereof pursuant to applicable law.

### Count 2 – Violation of Section 43(a) of the Lanham Act By False Association

32.    Plaintiff incorporates herein by reference the allegations set forth above.

33.    In addition to and/or in the alternative to Count 1 above and Counts 3 and 4 below, and to the extent applicable, Plaintiff alleges this Count 2 against Defendants for

violations of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) ("<u>Section 43(a) of the Lanham Act</u>"), by false association.  *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014) ("Section 1125(a) thus creates two distinct bases of liability:  false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B).").

34.    Defendants' joint and/or several use of the Old Junior Mark and/or the New Junior Mark in connection with the sale, lease, offering for sale or lease, and/or advertising of Defendants' Apartment Complex and/or as a false designation of origin is without Plaintiff's consent and likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, as to the origin, sponsorship, or approval of Defendants' Apartment Complex and related services or commercial activities by Plaintiff.  Such acts constitute violations of Section 43(a), and Plaintiff has been and will continue to be injured as a result.

35.    Accordingly, Plaintiff seeks an award of Defendants' respective profits and any actual damages sustained by Plaintiff, as well as an enhancement of the amounts found as actual damages not exceeding three times such amounts.  15 U.S.C. § 1117(a).  Alternatively, Plaintiff seeks an award of nominal damages.

36.    Plaintiff also seeks the delivery and destruction of all articles, including Defendants' marketing materials, signage, et cetera, which make use of the Junior Marks in a manner that violates Section 43(a) of the Lanham Act as alleged above.  15 U.S.C. § 1118.

37.    Additionally, Plaintiff seeks permanent injunctive relief restraining Defendants from further violating Section 43(a) of the Lanham Act in the manners alleged above because: (a) Plaintiff has suffered and/or will suffer an irreparable injury; (b) other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for that injury; (c)

a remedy in equity is warranted; and (d) the public interest will not be disserved by an injunction, permanent or otherwise.  15 U.S.C. § 1116(a).

38.     On information and belief, Defendants' alleged misconduct is willful, intentional, and/or conducted in bad faith, thereby rendering this case exceptional within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Thus, Plaintiff also seeks an award of its reasonable attorney fees for this action and any appeals thereof pursuant to applicable law.

39.     Plaintiff also seeks an award of its costs for this action and any appeals thereof pursuant to applicable law.  *See* 15 U.S.C. § 1117(a); *see* FED. R. CIV. P. 54(d)(1).

40.     Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it recovers for this action and any appeals thereof pursuant to applicable law.

### Count 3 – Trademark Dilution Under Texas law

41.     Plaintiff incorporates herein by reference the allegations set forth above.

42.     In addition to and/or in the alternative to Counts 1 and 2 above and Count 4 below, and to the extent applicable, Plaintiff alleges this Count 3 against Defendants for trademark dilution by blurring under TEX. BUS. & COM. CODE § 16.103.

43.     Plaintiff is the owner of the Senior Mark, which is a famous and distinctive name and mark in Austin, Texas and/or its surrounding areas, if not also elsewhere in Texas, for use in connection with The Domain Project.

44.     Defendants' joint and/or several use of the Old Junior Mark and/or the New Junior Mark in connection with the sale, lease, offering for sale or lease, and/or advertising of Defendants' Apartment Complex is likely to dilute the Senior Mark by blurring because, on information and belief, an association arising from the similarity between the Junior Marks and the Senior Mark impairs or will impair the Senior Mark's distinctiveness.  Such acts constitute

trademark infringement under TEX. BUS. COMM. CODE § 16.103, and Plaintiff has been and will continue to be injured as a result.

45.    On information and belief, Defendants willfully intended to cause the dilution of the Senior Mark; and Defendants did so with knowledge of Plaintiff's rights in the Senior Mark (including common law rights and the '184 Registration) and/or in bad faith.  Accordingly, Plaintiff seeks:  (a) an award of Defendants' respective profits derived from Defendants' joint and/or several dilution of the Senior Mark; (b) an award of actual damages resulting from such dilution; (c) an enhancement of the amounts awarded as profits or actual damages not exceeding three times such amounts; (d) an order for the delivery and destruction of all articles, including Defendants' marketing materials, signage, et cetera, which make use of the Junior Marks in a manner that dilutes the senior and federally registered Senior Mark as alleged; and/or (e) an award of Plaintiff's reasonable attorney fees for this action and any appeals thereof pursuant to applicable law.  *See* TEX. BUS. & COMM. CODE §§ 16.103(c), 16.104(b)-(c).

46.    Moreover, as a matter of statute, Plaintiff seeks permanent injunctive relief restraining Defendants from further diluting the Senior Mark in the manners alleged above. TEX. BUS. & COMM. CODE § 16.103(c).  Additionally and/or alternatively, as a matter of equity, Plaintiff seeks permanent injunctive relief restraining Defendants from further diluting the Senior Mark in the manners alleged above because:  (a) Plaintiff has suffered and/or will suffer an irreparable injury; (b) other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for that injury; (c) a remedy in equity is warranted; and (d) the public interest will not be disserved by an injunction, permanent or otherwise.

47.    Furthermore, Plaintiff seeks an award of its costs for this action and any appeals thereof pursuant to applicable law.  *See* FED. R. CIV. P. 54(d)(1).

48.     Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it recovers for this action and any appeals thereof pursuant to applicable law.

### Count 4 – Common Law Trademark Infringement

49.     Plaintiff incorporates herein by reference the allegations set forth above.

50.     In addition to and/or in the alternative to Counts 1, 2, and 3 above, and to the extent applicable, Plaintiff alleges this Count 4 against Defendants for common law trademark infringement.

51.     The Senior Mark is subject to common law trademark protection under the laws of the State of Texas.

52.     Defendants' joint and/or several use of the Old Junior Mark and/or the New Junior Mark in connection with the sale, lease, offering for sale or lease, and/or advertising of Defendants' Apartment Complex is without Plaintiff's consent and likely to deceive or cause confusion or mistake as to the source of origin of Defendants' Apartment Complex and related services.  Such acts constitute common law trademark infringement, and Plaintiff has been and will continue to be injured as a result.

53.     Accordingly, Plaintiff seeks an award of actual damages resulting from Defendants' acts of infringement.  Alternatively, Plaintiff seeks an award of nominal damages.

54.     Plaintiff also seeks an award of exemplary damages in an amount to be determined at trial because, on information and belief, the harm caused by Defendants as alleged herein results from Defendants' malice or gross negligence.  TEX. CIV. PRAC & REM. CODE § 41.003(a).

55.     Moreover, Plaintiff seeks permanent injunctive relief restraining Defendants from further infringing the Senior Mark in the manners alleged above, because:  (a) Plaintiff has suffered and/or will suffer an irreparable injury; (b) other remedies available at law, such as

monetary damages, are inadequate to fully compensate Plaintiff for that injury; (c) a remedy in equity is warranted; and (d) the public interest will not be disserved by an injunction, permanent or otherwise.

56.     Furthermore, Plaintiff seeks an award of its costs for this action and any appeals thereof pursuant to applicable law.  *See* FED. R. CIV. P. 54(d)(1).

57.     Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it recovers for this action and any appeals thereof pursuant to applicable law.

## CONDITIONS PRECEDENT

58.     All conditions precedent to Plaintiff's claims have occurred or been performed.

## JURY DEMAND

59.     Plaintiff hereby demands a jury trial on all triable issues.  FED. R. CIV. P. 38(b).

## PRAYER

60.     For these reasons, Plaintiff respectfully asks the Court:

    a.      for a judgment in favor of Plaintiff on Counts 1, 2, 3, and/or 4 above;

    b.      for an award of profits and/or actual damages according to law, or, alternatively, an award of statutory or nominal damages according to law;

    c.      for the enhancement of any amounts of profits and/or actual damages awarded according to law;

    d.      for an award of exemplary damages according to law;

    e.      for the delivery and destruction of all infringing articles according to law;

    f.      for permanent and mandatory injunctive relief against Defendants according to law, and as described further above;

    g.      for an award of attorney fees according to law;

    h.      for an award of costs according to law;

    i.      for pre- and post-judgment interest according to law; and/or

    j.      for such other and further relief as the Court may deem just and proper.

Dated:  December 19, 2017

Respectfully submitted,

JACKSON WALKER L.L.P.

By:  */s/ Mark Walters*
     Mark L. Walters
     TSBN 00788611 / W.D. Tex. Admitted
     mwalters@jw.com
     Emilio B. Nicolas
     TSBN 24058022 / W.D. Tex. Admitted
     enicolas@jw.com
     100 Congress Avenue, Suite 1100
     Austin, Texas 78701
     (512) 236-2000 – Telephone
     (512) 236-2002 – Facsimile

ATTORNEYS FOR PLAINTIFF
TIER OPERATING PARTNERSHIP, LP

## **CERTIFICATE OF SERVICE**

This is to certify that on December 19, 2017, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system; that Defendants' Filing Users for the CM/ECF system to send notification of such filing are currently unknown because Defendants have not yet been served with process or appeared in this lawsuit; and that Defendants will be served with a copy of the foregoing document contemporaneously with the service of process.

*/s/ Mark Walters*
Mark L. Walters